Mark M. Makhail
Cynthia S. Betz
**MᴄCᴀʀᴛᴇʀ & Eɴɢʟɪꜱʜ, LLP**
4 Gateway Center
100 Mulberry St.
Newark, NJ 07102
(973) 622-4444
mmakhail@mccarter.com
cbetz@mccarter.com

*Of Counsel*
Don Mizerk (*pro hac vice* forthcoming)
Philip D. Segrest, Jr. (*pro hac vice* forthcoming)
**Hᴜꜱᴄʜ Bʟᴀᴄᴋᴡᴇʟʟ LLP**
120 S. Riverside Plaza, Suite 2200
Chicago, IL 60606
(312) 655-1500
Don.Mizerk@HuschBlackwell.com
Philip.Segrest@HuschBlackwell.com

*Attorneys for Plaintiffs Sᴀᴘᴛᴀʟɪꜱ Pʜᴀʀᴍᴀᴄᴇᴜᴛɪᴄᴀʟꜱ, LLC and Aᴘᴘɪʟɪ Tʜᴇʀᴀᴘᴇᴜᴛɪᴄꜱ Iɴᴄ.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SAPTALIS PHARMACEUTICALS, LLC, and APPILI THERAPEUTICS INC., <br><br> *Plaintiffs,* <br><br> v. <br><br> MSN PHARMACEUTICALS, INC. and MSN LABORATORIES PVT. LTD., <br><br> *Defendants.* | Civil Action No. _____ |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Saptalis Pharmaceuticals, LLC ("Saptalis"), 45 Davids Drive, Hauppauge, New York, USA 11788, and Appili Therapeutics Inc. ("Appili"), 1344 Summer Street, Suite 21, Halifax, Nova Scotia, Canada B3H 0A8, for their Complaint against Defendants MSN Pharmaceuticals,

Inc. ("MSN Pharms."), 20 Duke Road, Piscataway, New Jersey 08854, and MSN Laboratories Pvt. Ltd. ("MSN Lab'ys"), MSN House, Plot No: C-24, Industrial Estate, Sanath Nagar, Hyderabad, Telangana, 500018 India, (collectively "MSN") allege as follows:

## THE PARTIES

1.      Saptalis is a limited liability company organized and existing under the laws of the State of New York, whose office is at 45 Davids Drive, Hauppauge, New York, USA 11788.

2.      Appili is a corporation organized and existing under the laws of the Province of Nova Scotia, Canada, whose office is at 1344 Summer Street, Suite 21, Halifax, Nova Scotia, Canada B3H 0A8.

3.      Upon information and belief, Defendant MSN Pharms. is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 20 Duke Road, Piscataway, New Jersey 08854.

4.      Upon information and belief, Defendant MSN Lab'ys is a corporation organized and existing under the laws of India, with a principal place of business at MSN House, Plot No: C-24, Industrial Estate, Sanath Nagar, Hyderabad, Telangana, 500018 India.

## NATURE OF THE ACTION

5.      This is a Hatch-Waxman patent infringement action under 35 U.S.C. § 271(e)(2), as well as the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, arising from Defendants' submission of Abbreviated New Drug Application ("ANDA") No. 221087 seeking approval to commercially manufacture, use, offer to sell, sell, or import metronidazole oral suspension, 500 mg/5 mL (the "MSN ANDA Product") prior to the expiration of one or more claims of U.S. Patent No. 11,541,035 ("the '035 Patent") and/or U.S. Patent No. 12,257,236 ("the '236 Patent")

(collectively, the "Patents-in-Suit"), as indicated in a letter from Defendants to Plaintiffs with the subject line, "Notice of Paragraph IV Certification, Metronidazole Oral Suspension, 500 mg/5 mL," bearing a date on its face of December 22, 2025 ("*MSN Notice Letter*").

## JURISDICTION AND VENUE

6.     This action arises under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq.,* and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a).

7.     Upon information and belief, MSN Pharms. is a subsidiary of MSN Lab'ys. Upon information and belief, MSN Lab'ys and MSN Pharms. operate as a single integrated business with respect to the regulatory approval, manufacturing, marketing, sale, and distribution of generic pharmaceutical products throughout the United States, including in this Judicial District. Upon information and belief, MSN Pharms. acts as the U.S. agent of MSN Lab'ys for submissions to the U.S. Food and Drug Administration ("FDA") in ANDA No. 221087.

8.     This Court has personal jurisdiction over Defendants MSN Lab'ys and MSN Pharms. because the *MSN Notice Letter*, *supra* ¶ 5, was sent from MSN Pharms. in this district jointly on behalf of both MSN Pharms. and MSN Lab'ys, which letter purported to provide notice pursuant to § 505(j)(2)(B)(iv) of the Federal Food, Drug and Cosmetic Act and 21 U.S.C. § 355(j)(2)(B)(iv) and § 314.95 of Title 21 of the Code of Federal Regulations, which purported notice led to Plaintiffs bringing this civil action for patent infringement.

9.     Upon information and belief, MSN Lab'ys and MSN Pharms. have previously invoked, stipulated to, and/or consented to personal jurisdiction in this Judicial District in patent cases.

10.     MSN Lab'ys and MSN Pharms. have previously been sued in this Judicial District and have availed themselves of New Jersey courts through the assertion of counterclaims in suits brought in New Jersey, including *Defendants MSN Pharmaceuticals Inc. and MSN Laboratories Private Ltd.'s Answer, Separate Defenses, and Counterclaims to Second Amended Complaint* at 56–67, *Esperion Therapeutics, Inc., v. MSN Pharmaceuticals Inc.*, No. 2:24-cv-5921-JXN-CLW (D.N.J. Oct. 14, 2025), ECF No. 196 (not contesting personal jurisdiction and asserting counterclaims); and *Answer, Separate Defenses and Counterclaims to Amended Complaint for Patent Infringement* at 12–32, *Boehringer Ingelheim Pharmaceuticals, Inc. v. Aurobindo Pharma USA Inc.*, No. 3:17-cv-7887 (D.N.J. June 26, 2018), ECF No. 55 (not contesting personal jurisdiction and asserting counterclaims).

11.     This Court has personal jurisdiction over MSN Lab'ys because, *inter alia,* MSN Lab'ys has committed an act of patent infringement under 35 U.S.C. § 271(e)(2) and intends a future course of conduct that includes acts of patent infringement in New Jersey. These acts have led and will lead to foreseeable harm and injury to Plaintiffs in New Jersey. For example, upon information and belief, following approval of the ANDA No. 221087, MSN Lab'ys will work in concert with MSN Pharms. to make, use, import, sell, and/or offer for sale the MSN ANDA Product in the United States, including in New Jersey, prior to the expiration of the Patents-in-Suit.

12.     The Court also has personal jurisdiction over MSN Lab'ys because MSN Lab'ys has purposefully availed itself of the rights and benefits of New Jersey law by engaging in systematic and continuous contacts with the State of New Jersey. Upon information and belief, MSN Lab'ys regularly and continuously transacts business within New Jersey, including by selling pharmaceutical products in New Jersey. Upon information and belief, MSN Lab'ys derives

substantial revenue from the sale of those products in New Jersey and has availed itself of the privilege of conducting business within New Jersey.

13.     Upon information and belief, MSN Lab'ys has continuously placed its products into the stream of commerce for distribution and consumption in the State of New Jersey and throughout the United States and thus has engaged in the regular conduct of business within this Judicial District. Upon information and belief, MSN Lab'ys derives substantial revenue from selling generic pharmaceutical products throughout the United States, including in this Judicial District.

14.     In the alternative, this Court has jurisdiction over MSN Lab'ys because the requirements of Federal Rule of Civil Procedure 4(k)(2)(A) are met as (a) Plaintiffs' claims arise under federal law; (b) MSN Lab'ys is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) MSN Lab'ys has sufficient contacts with the United States as a whole (including, but not limited to, preparing and submitting an ANDA to the FDA and/or manufacturing and/or selling pharmaceutical products distributed throughout the United States) such that this Court's exercise of jurisdiction over MSN Lab'ys satisfies due process.

15.     Venue is proper in this Court as to MSN Lab'ys because MSN Lab'ys is a foreign entity who may be sued in any judicial district, including in the District of New Jersey. 28 U.S.C. § 1391(c)(3); *see also* 28 U.S.C. § 1400(b).

16.     Upon information and belief, this Court has personal jurisdiction over MSN Pharms. because, *inter alia,* MSN Pharms. has a principal place of business in this district. MSN Pharms. is registered with the State of New Jersey's Division of Revenue and Enterprise under Entity ID No. 0400627791. MSN Pharms. is registered as a drug distributor with the New Jersey Department of Health under Permit No. 5006107.

17.     This Court has personal jurisdiction over MSN Pharms. because, *inter alia,* MSN Pharms. intends a future course of conduct that includes acts of patent infringement in New Jersey. These acts have led and will lead to foreseeable harm and injury to Plaintiffs in New Jersey. For example, upon information and belief, following approval of the ANDA No. 221087, MSN Pharms. will work in concert with MSN Lab'ys to make, use, import, sell, and/or offer for sale the MSN ANDA Product in the United States, including in New Jersey, prior to the expiration of the Patents-in-Suit.

18.     The Court also has personal jurisdiction over MSN Pharms. because MSN Pharms. has purposefully availed itself of the rights and benefits of New Jersey law by engaging in systematic and continuous contacts with the State of New Jersey. Upon information and belief, MSN Pharms. regularly and continuously transacts business within New Jersey, including by selling pharmaceutical products in New Jersey. Upon information and belief, MSN Pharms. derives substantial revenue from the sale of those products in New Jersey and has availed itself of the privilege of conducting business within New Jersey. Upon information and belief, MSN Pharms. maintains its principal place of business in the State of New Jersey.

19.     Upon information and belief, MSN Pharms. has continuously placed its products into the stream of commerce for distribution and consumption in the State of New Jersey and throughout the United States and thus has engaged in the regular conduct of business within this Judicial District.

20.     Upon information and belief, MSN Pharms. derives substantial revenue from selling generic pharmaceutical products throughout the United States, including in this Judicial District.

21.     Venue is proper in this judicial district for MSN Pharms. under 28 U.S.C. § 1391 and/or § 1400(b) as to MSN Pharms. including because, *inter alia,* MSN Pharms. is subject to personal jurisdiction in this Judicial District, as set forth above, has committed an act of infringement and will commit further acts of infringement in this Judicial District, continuously transacts business in this Judicial District, and/or has a regular and established place of business in New Jersey.

## THE PATENTS-IN-SUIT AND PLAINTIFFS' RIGHTS

22.     On January 3, 2023, the United States Patent and Trademark Office ("USPTO") duly and lawfully issued the '035 Patent, entitled "Oral Formulations of Metronidazole and Methods of Treating an Infection Using Same" to Appili as assignee of inventors Bernard J. Guarino, Jr.; Jamie L. Doran; Zorana Radovic; and Kevin Sullivan, with a Certificate of Correction adding inventor Armand Balboni on May 7, 2024. A true and correct copy of the '035 Patent with an accompanying Certificate of Correction is attached hereto as Exhibit A.

23.     On March 25, 2025, the USPTO duly and lawfully issued the '236 Patent, entitled "Oral Formulations of Metronidazole and Methods of Treating an Infection Using Same" to Appili as assignee of inventors Bernard J. Guarino, Jr.; Jamie L. Doran; Zorana Radovic; Kevin Sullivan; and Armand Balboni. A true and correct copy of the '236 Patent is attached as Exhibit B.

24.     Appili owns and holds all rights, title, and interest in and to the '035 Patent and '236 Patent.

25.     Saptalis holds an exclusive license under the '035 Patent and the '236 Patent, which license includes the right to assert and enforce and/or participate in asserting and enforcing the '035 Patent and the '236 Patent.

## THE LIKMEZ® DRUG PRODUCT

26.    Saptalis holds approved New Drug Application ("NDA") No. 216755 for a metronidazole oral suspension, which is prescribed and sold under the registered trademark LIKMEZ®. LIKMEZ® is a nitroimidazole antimicrobial indicated for trichomoniasis in adults, amebiasis in adults and pediatric patients, and anaerobic bacterial infections in adults. Under NDA No. 216755, Saptalis markets and sells LIKMEZ® in the United States.

27.    The Patents-in-Suit include claims for an oral pharmaceutical composition comprising, *inter alia*, metronidazole; for a method of treating an infection in a patient, said method comprising the step of administering to the patient an effective amount of an oral pharmaceutical composition comprising, *inter alia*, metronidazole; for an oral pharmaceutical liquid suspension comprising, *inter alia*, metronidazole; and for a method of treating an infection in a patient, said method comprising the step of administering to the patient an effective amount of an oral pharmaceutical liquid suspension comprising, *inter alia*, metronidazole.

28.    Pursuant to 21 U.S.C. § 355(b)(1), and attendant FDA regulations, the '035 Patent and the '236 Patent are listed in the FDA publication "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book"), with respect to LIKMEZ®.

## DEFENDANTS' ANDA AND THE *MSN NOTICE LETTER*

29.    Upon information and belief, MSN Lab'ys and MSN Pharms. are agents of each other with respect to formulating, manufacturing, packaging, marketing, and/or selling pharmaceutical products throughout the United States and will act in concert with respect to formulating, manufacturing, packaging, marketing, and/or selling the MSN ANDA Product, for which MSN has sought approval from the FDA in ANDA No. 221087.

30. Upon information and belief, Defendants worked in concert to prepare ANDA No. 221087 in Piscataway, New Jersey, and to file ANDA No. 221087 from Piscataway, New Jersey, which with the certifications included constituted an act of infringement under 35 U.S.C. § 271(e)(2).

31. Defendants' ANDA No. 221087 seeks approval for the MSN ANDA Product, metronidazole oral suspension 500 mg/5 mL, as a generic version of LIKMEZ®.

32. By filing Defendants' ANDA No. 221087, Defendants have necessarily represented to FDA that, upon approval, the MSN ANDA Product will have the same active ingredient, method of administration, dosage form, and strength as LIKMEZ®, and will be bioequivalent to LIKMEZ®.

33. Upon information and belief, in connection with the filing of ANDA No. 221087 as described above, MSN provided a written certification to the FDA, as called for by Section 505 of the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), certifying that the Patents-in-Suit are invalid, unenforceable, and/or would not be infringed.

34. Upon information and belief, Defendants have made and will continue to make substantial and meaningful preparations to market (including to import into the United States, to offer to sell, to sell, and/or to use) within the United States the MSN ANDA Product prior to the expiration of the Patents-in-Suit, with such preparations including MSN filing ANDA No. 221087.

35. Defendants' actions, including, but not limited to, the filing of ANDA No. 221087 with a Paragraph IV certification and Defendants' systematic attempts to meet the applicable regulatory requirements for approval of ANDA No. 221087 indicate that MSN and each of them intend not to change their course of action.

36. MSN indicated to Saptalis and Appili that MSN had submitted ANDA No. 221087 to the FDA for a generic version of LIKMEZ® and had certified to the FDA that the Patents-in-Suit

are invalid, unenforceable, or not infringed, by the *MSN Notice Letter*, *supra* ¶ 5, dated December 22, 2025, and received by Saptalis and by Appili via Federal Express no earlier than on December 23, 2025.

### COUNT I: INFRINGEMENT OF THE '035 PATENT UNDER 35 U.S.C. § 271(e)

37.     Plaintiffs repeat and reallege paragraphs 1–36, as though fully set forth herein.

38.     The '035 Patent is presumed valid, 35 U.S.C. § 282, and the *MSN Notice Letter*, *supra* ¶ 5, does not challenge the validity of the '035 Patent.

39.     Defendants' submission of ANDA No. 221087 to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of metronidazole oral suspension 500 mg/5 mL prior to the expiration of the '035 Patent constitutes infringement of one or more claims of the '035 Patent under 35 U.S.C. § 271(e)(2), either literally or under the doctrine of equivalents.

40.     Upon information and belief, MSN plans and intends to, and will, actively induce infringement of the '035 Patent when MSN's ANDA No. 221087 is approved, and plans and intends to, and will, do so immediately and imminently upon approval, and MSN's activities will be done with knowledge of the '035 Patent and specific intent to infringe that patent.

41.     Upon information and belief, MSN knows or should know and intends that use by others of the MSN ANDA Product in accordance with its instructions including prescribing information and any package inserts will directly infringe at least one of the claims of the '035 Patent, either literally or under the doctrine of equivalents.

42.     Upon information and belief, MSN had knowledge of the '035 Patent and, by its promotional activities and package inserts for the MSN ANDA Product, knows or should know

that it will aid and abet another's direct infringement of at least one of the claims of the '035 Patent, either literally or under the doctrine of equivalents.

43.     Upon information and belief, (i) the MSN ANDA Product constitutes a material part of the formulations claimed in the '035 Patent; (ii) Defendants know or should know that the MSN ANDA Product will be made for uses that directly infringe one or more claims of the '035 Patent; and (iii) the MSN ANDA Product is not a staple article or commodity of commerce suitable for substantial non-infringing uses. Upon information and belief, MSN plans and intends to, and will, contribute to infringement of the '035 Patent immediately and imminently upon approval of MSN's ANDA No. 221087.

44.     Upon FDA approval, Defendants' making, using, offering to sell, selling, and/or importing the MSN ANDA Product would infringe, induce infringement of, and/or contributorily infringe one or more claims of the '035 Patent under 35 U.S.C. §§ 271(a), (b), and/or (c), either literally or under the doctrine of equivalents.

45.     Defendants have been aware of the existence of the '035 Patent and have no reasonable basis for believing that the commercial manufacture, use, sale, and/or offer for sale of the MSN ANDA Product will not infringe, contribute to the infringement of, and/or induce infringement of the '035 Patent.

46.     Unless enjoined, Defendants' acts infringing the '035 Patent will cause Plaintiffs substantial and irreparable harm for which they have no adequate remedy at law.

47.     Based on the infringement of the '035 Patent, Plaintiffs are entitled to relief provided by 35 U.S.C. § 271(e)(4).

## COUNT II: DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '035 PATENT

48.     Plaintiffs repeat and reallege paragraphs 1–36, as though fully set forth herein.

49.     The '035 Patent is presumed valid, 35 U.S.C. § 282, and the *MSN Notice Letter*, *supra* ¶ 5, does not challenge the validity of the '035 Patent.

50.     As a result of the foregoing facts, there is a definite and concrete, real, substantial, and continuing justiciable case of actual controversy of sufficient immediacy and reality between Plaintiffs and MSN concerning liability for the infringement of the '035 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution. Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer of use, sale, and/or importation of the MSN ANDA Product will constitute infringement of at least one claim of the '035 Patent.

51.     Upon information and belief, imminently and immediately upon approval of MSN's ANDA No. 221087, MSN will infringe one or more claims of the '035 patent, either literally or under the doctrine of equivalents under § 271(a) by making, using, offering to sell, selling, and/or importing MSN's ANDA Product, and by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of MSN's ANDA No. 221087 shall be no earlier than the expiration of the '035 patent and any additional periods of exclusivity.

52.     Upon information and belief, MSN plans and intends to, and will, actively induce infringement of the '035 Patent when MSN's ANDA No. 221087 is approved, and plans and intends to, and will, do so immediately and imminently upon approval, and MSN's activities will be done with knowledge of the '035 Patent and specific intent to infringe that patent.

53.     Upon information and belief, MSN knows or should know and intends that use by others of the MSN ANDA Product in accordance with its instructions including prescribing

information and any package inserts will directly infringe at least one of the claims of the '035 Patent, either literally or under the doctrine of equivalents.

54.     Upon information and belief, MSN had knowledge of the '035 Patent and, by its promotional activities and package inserts for the MSN ANDA Product, knows or should know that it will aid and abet another's direct infringement of at least one of the claims of the '035 Patent, either literally or under the doctrine of equivalents.

55.     Upon information and belief, (i) the MSN ANDA Product constitutes a material part of the formulations claimed in the '035 Patent; (ii) Defendants know or should know that the MSN ANDA Product will be made for uses that directly infringe one or more claims of the '035 Patent; and (iii) the MSN ANDA Product is not a staple article or commodity of commerce suitable for substantial non-infringing uses. Upon information and belief, MSN plans and intends to, and will, contribute to infringement of the '035 Patent immediately and imminently upon approval of MSN's ANDA No. 221087.

56.     Upon FDA approval, Defendants' making, using, offering to sell, selling, and/or importing the MSN ANDA Product would infringe, induce infringement of, and/or contributorily infringe one or more claims of the '035 Patent under 35 U.S.C. §§ 271(a), (b), and/or (c), either literally or under the doctrine of equivalents.

57.     Defendants have been aware of the existence of the '035 Patent and have no reasonable basis for believing that the commercial manufacture, use, sale, and/or offer for sale of the MSN ANDA Product will not infringe, contribute to the infringement of, and/or induce infringement of the '035 Patent.

58.     Unless enjoined, Defendants' acts infringing the '035 Patent will cause Plaintiffs substantial and irreparable harm for which they have no adequate remedy at law.

## COUNT III: INFRINGEMENT OF THE '236 PATENT UNDER 35 U.S.C. § 271(e)

59.     Plaintiffs repeat and reallege paragraphs 1–36, as though fully set forth herein.

60.     The '236 Patent is presumed valid, 35 U.S.C. § 282, and the *MSN Notice Letter*, *supra* ¶ 5, does not challenge the validity of the '236 Patent.

61.     Defendants' submission of ANDA No. 221087 to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of metronidazole oral suspension 500 mg/5 mL prior to the expiration of the '236 Patent constitutes infringement of one or more claims of the '236 Patent under 35 U.S.C. § 271(e)(2), either literally or under the doctrine of equivalents.

62.     Upon information and belief, MSN plans and intends to, and will, actively induce infringement of the '236 Patent when MSN's ANDA No. 221087 is approved, and plans and intends to, and will, do so immediately and imminently upon approval, and MSN's activities will be done with knowledge of the '236 Patent and specific intent to infringe that patent.

63.     Upon information and belief, MSN knows or should know and intends that use by others of the MSN ANDA Product in accordance with its instructions including prescribing information and any package inserts will directly infringe at least one of the claims of the '236 Patent, either literally or under the doctrine of equivalents.

64.     Upon information and belief, MSN had knowledge of the '236 Patent and, by its promotional activities and package inserts for the MSN ANDA Product, knows or should know that it will aid and abet another's direct infringement of at least one of the claims of the '236 Patent, either literally or under the doctrine of equivalents.

65.     Upon information and belief, (i) the MSN ANDA Product constitutes a material part of the formulations claimed in the '236 Patent; (ii) Defendants know or should know that the

MSN ANDA Product will be made for uses that directly infringe one or more claims of the '236 Patent; and (iii) the MSN ANDA Product is not a staple article or commodity of commerce suitable for substantial non-infringing uses. Upon information and belief, MSN plans and intends to, and will, contribute to infringement of the '236 Patent immediately and imminently upon approval of MSN's ANDA No. 221087.

66.    Upon FDA approval, Defendants' making, using, offering to sell, selling, and/or importing the MSN ANDA Product would infringe, induce infringement of, and/or contributorily infringe one or more claims of the '236 Patent under 35 U.S.C. §§ 271(a), (b), and/or (c), either literally or under the doctrine of equivalents.

67.    Defendants have been aware of the existence of the '236 Patent and have no reasonable basis for believing that the commercial manufacture, use, sale, and/or offer for sale of the MSN ANDA Product will not infringe, contribute to the infringement of, and/or induce infringement of the '236 Patent.

68.    Unless enjoined, Defendants' acts infringing the '236 Patent will cause Plaintiffs substantial and irreparable harm for which they have no adequate remedy at law.

69.    Based on the infringement of the '236 patent, Plaintiffs are entitled to relief provided by 35 U.S.C. § 271(e)(4).

**COUNT IV: DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '236 PATENT**

70.    Plaintiffs repeat and reallege paragraphs 1–36, as though fully set forth herein.

71.    The '236 Patent is presumed valid, 35 U.S.C. § 282, and the *MSN Notice Letter*, *supra* ¶ 5, does not challenge the validity of the '236 Patent.

72.    As a result of the foregoing facts, there is a definite and concrete, real, substantial, and continuing justiciable case of actual controversy of sufficient immediacy and reality between

Plaintiffs and MSN concerning liability for the infringement of the '236 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution. Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer of use, sale, and/or importation of the MSN ANDA Product will constitute infringement of at least one claim of the '236 Patent.

73.    Upon information and belief, imminently and immediately upon approval of MSN's ANDA No. 221087, MSN will infringe one or more claims of the '236 patent, either literally or under the doctrine of equivalents under § 271(a) by making, using, offering to sell, selling, and/or importing MSN's ANDA Product, and by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of MSN's ANDA No. 221087 shall be no earlier than the expiration of the '236 patent and any additional periods of exclusivity.

74.    Upon information and belief, MSN plans and intends to, and will, actively induce infringement of the '236 Patent when MSN's ANDA No. 221087 is approved, and plans and intends to, and will, do so immediately and imminently upon approval, and MSN's activities will be done with knowledge of the '236 Patent and specific intent to infringe that patent.

75.    Upon information and belief, MSN knows or should know and intends that use by others of the MSN ANDA Product in accordance with its instructions including prescribing information and any package inserts will directly infringe at least one of the claims of the '236 Patent, either literally or under the doctrine of equivalents.

76.    Upon information and belief, MSN had knowledge of the '236 Patent and, by its promotional activities and package inserts for the MSN ANDA Product, knows or should know

that it will aid and abet another's direct infringement of at least one of the claims of the '236 Patent, either literally or under the doctrine of equivalents.

77.     Upon information and belief, (i) the MSN ANDA Product constitutes a material part of the formulations claimed in the '236 Patent; (ii) Defendants know or should know that the MSN ANDA Product will be made for uses that directly infringe one or more claims of the '236 Patent; and (iii) the MSN ANDA Product is not a staple article or commodity of commerce suitable for substantial non-infringing uses. Upon information and belief, MSN plans and intends to, and will, contribute to infringement of the '236 Patent immediately and imminently upon approval of MSN's ANDA No. 221087.

78.     Upon FDA approval, Defendants' making, using, offering to sell, selling, and/or importing the MSN ANDA Product would infringe, induce infringement of, and/or contributorily infringe one or more claims of the '236 Patent under 35 U.S.C. §§ 271(a), (b), and/or (c), either literally or under the doctrine of equivalents.

79.     Defendants have been aware of the existence of the '236 Patent and have no reasonable basis for believing that the commercial manufacture, use, sale, and/or offer for sale of the MSN ANDA Product will not infringe, contribute to the infringement of, and/or induce infringement of the '236 Patent.

80.     Unless enjoined, Defendants' acts infringing the '236 Patent will cause Plaintiffs substantial and irreparable harm for which they have no adequate remedy at law.

## PRAYER FOR RELIEF

Plaintiffs respectfully request that the Court enter judgment in their favor and grant the following relief:

a) A judgment that Defendants and each of them have infringed the '035 Patent under 35 U.S.C. § 271(e)(2) by Defendants' submission to the FDA of ANDA No. 221087, and that the commercial sale, offer for sale, use, and/or manufacture within the United States, or importation into the United States of the MSN ANDA Product would infringe, induce infringement of, and/or contribute to the infringement of the '035 Patent;

b) A judgment that Defendants and each of them have infringed the '236 patent under 35 U.S.C. § 271(e)(2) by Defendants' submission to the FDA of ANDA No. 221087, and that the commercial sale, offer for sale, use, and/or manufacture within the United States, or importation into the United States of the MSN ANDA Product would infringe, induce infringement of, and/or contribute to the infringement of the '236 Patent;

c) A preliminary and permanent injunction, pursuant to 35 U.S.C. §§ 271(e)(4)(B) and 283 and Rule 65, Fed. R. Civ. P. restraining and enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those acting in concert with any of the foregoing persons or entities from making, using, offering to sell, or selling within the United States, or importing into the United States any drug product covered by the '035 Patent, or otherwise infringing the '035 Patent;

d) A preliminary and permanent injunction, pursuant to 35 U.S.C. §§ 271(e)(4)(B) and 283 and Rule 65, Fed. R. Civ. P. restraining and enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those acting in concert with any of the foregoing persons or entities from making, using, offering to sell, or selling within the United States, or importing into the United States any drug product covered by the '236 Patent, or otherwise infringing the '236 Patent;

18

e) A judgment, pursuant to 35 U.S.C. § 271(e)(4)(A), ordering that the effective date of any FDA approval of ANDA No. 221087 be not earlier than the expiration date of the '035 Patent, including any extensions and/or exclusivities;

f) A judgment, pursuant to 35 U.S.C. § 271(e)(4)(A), ordering that the effective date of any FDA approval of ANDA No. 221087 be not earlier than the expiration date of the '236 Patent, including any extensions and/or exclusivities;

g) A declaration that this case is exceptional and awarding Saptalis and Appili their reasonable attorneys' fees, pursuant to 35 U.S.C. §§ 271(e)(4) and 285;

h) An award of costs and expenses in this action; and

i) Such other and further relief as the Court deems just and proper.

Dated: February 3, 2026

/s/ *Mark M. Makhail*
Mark M. Makhail
Cynthia S. Betz
**MCCARTER & ENGLISH, LLP**
4 Gateway Center
100 Mulberry St.
Newark, NJ 07102
(973) 622-4444
mmakhail@mccarter.com
cbetz@mccarter.com

*Of Counsel*
Don Mizerk (*pro hac vice* forthcoming)
Philip D. Segrest, Jr. (*pro hac vice* forthcoming)
**HUSCH BLACKWELL LLP**
120 S. Riverside Plaza, Suite 2200
Chicago, IL 60606
(312) 655-1500
Don.Mizerk@HuschBlackwell.com
Philip.Segrest@HuschBlackwell.com

*Counsel for Plaintiffs SAPTALIS PHARMACEUTICALS, LLC and APPILI THERAPEUTICS INC.*

# L. CIV. R. 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, the undersigned counsel for Saptalis Pharmaceuticals, LLC and Appili Therapeutics Inc. certify that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

Dated: February 3, 2026

/s/ *Mark M. Makhail*
Mark M. Makhail
Cynthia S. Betz
**MCCARTER & ENGLISH, LLP**
4 Gateway Center
100 Mulberry St.
Newark, NJ 07102
(973) 622-4444
mmakhail@mccarter.com
cbetz@mccarter.com

*Of Counsel*
Don Mizerk (*pro hac vice* forthcoming)
Philip D. Segrest, Jr. (*pro hac vice* forthcoming)
**HUSCH BLACKWELL LLP**
120 S. Riverside Plaza, Suite 2200
Chicago, IL 60606
(312) 655-1500
Don.Mizerk@HuschBlackwell.com
Philip.Segrest@HuschBlackwell.com

*Counsel for Plaintiffs SAPTALIS PHARMACEUTICALS, LLC and APPILI THERAPEUTICS INC.*